FILED
2018 Jan-09  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMERA JEAN PEACE, as** | ) | |
| **Administrator of the Estate of** | ) | |
| **DONALD RAY PEACE** | ) | **Case no.:** _____ |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Pending in the Circuit Court of** |
| **v.** | ) | **St. Clair County, Alabama with** |
| | ) | **Civil Action No. CV17-900175** |
| **KEITH ROCK, RDW** | ) | |
| **TRANSPORT, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COME NOW the defendants, Keith Rock and Rock Trans, LLC, with the consent of Defendants RDW Transport, LLC, Berkley Scrap Metal, and Progressive Direct Insurance Company, and hereby remove the above styled action from the Circuit Court of St. Clair County, Alabama pending as Civil Action Number: CV-2017-900175, to this United States District Court for the Northern District of Alabama, Middle Division by stating as follows:

**I.    Summary of Plaintiff's Complaint:**

1.    The Plaintiff commenced this action on July 19, 2017, by filing her Complaint in the Circuit Court of St. Clair County, Alabama pending as Civil Action

Number: CV-2017-900175. [Exhibit A – Complaint][1]

2.      The Plaintiff's original Complaint identified the following Defendants: Keith Rock; RDW Transport, LLC; Rock Trans, LLC; Progressive Direct Insurance Company; City of Odenville, Alabama; and, Alabama Power Company. [Exhibit A – Complaint].

3.      The Circuit Court of St. Clair County, Alabama dismissed Alabama Power Company by Order dated October 6, 2017. [Exhibit A – October 6, 2017 Order].

4.      The Circuit Court of St. Clair County, Alabama dismissed City of Odenville by Order dated December 7, 2017. [Exhibit A – December 7, 2017 Order].

5.      The Plaintiff's Complaint claims that on May 23, 2017, on U.S. Highway 411 near Liberty Road in Odenville, St. Clair County Alabama, Defendants Keith Rock, RDW, and Rock Trans negligently and wantonly caused the death of the decedent Donald Peace.  The decedent was traveling southbound pre-dawn. Defendant Keith Rock was in the process of backing his tractor trailer south across the southbound lane.  The decedent struck Rock's trailer in the southbound lane and died as a result of his injuries. [Exhibit A – Complaint].

---

[1] Exhibit "A" contains copies of all process and pleadings served upon the Defendants in the state court, including the Case Action Summary from the State Judicial Information System web site ALACOURT.COM.

5.      On November 9, 2017, the Plaintiff filed an Amended Complaint identifying Berkeley Scrap Metal as a party Defendant.  [Exhibit A – Amended Complaint].

6.      The Complaint and Amended Complaint claim negligence and wantonness in the wrongful death of the decedent, Donald Peace.  The Complaint and Amended Complaint also make claims of negligence, wantonness, negligent entrustment, and negligent, reckless, and/or wanton violations of rules of the road against Defendants RDW Transport, Rock Trans, and Berkeley Scrap Metal.  The Plaintiff's Complaint and Amended Complaint seek damages for wrongful death, including punitive damages, against all Defendants. [Exhibit A – Complaint and Amended Complaint].

7.      The Plaintiff, Tamara Jean Peace, as administrator of the Estate of Donald Ray Peace, is a resident citizen of St. Clair County Alabama, according to the Complaint.  [Exhibit A – Complaint].

8.      Defendant Keith Rock is a resident citizen of the state of South Carolina. [Exhibit B – Keith Rock's Interrogatory Answers and Photograph of Keith Rock's driver's license].

9.      Defendant Rock Trans, LLC, is a foreign business entity with its principle place of business in the state of South Carolina and is organized under the laws of the state of South Carolina.  Keith Rock is the sole member of Rock Trans,

LLC. [Exhibit C – Rock Trans, LLC's Interrogatory Answers].

      10.   Defendant RDW Transport, LLC, is a foreign corporation, with its principle place of business in South Carolina and is organized under the laws of the state of South Carolina. [Exhibit A – Complaint; Exhibit D – Screenshot from the South Carolina Secretary of State Website]. Upon information and belief, Roderick Williams is the sole member of RDW Transport.

      11.   Berkeley Scrap Metal is a foreign company with its principle place of business in South Carolina and is organized under the laws of the state of South Carolina. [Exhibit E – Affidavit of William Moorer, III].

      12.   Defendant Progressive Direct Insurance Company is an insurance company organized under the laws of the state of Ohio with its principle place of business located in the state of Ohio. [Exhibit F – screenshot from Alabama Secretary of State website].

**II.    The Defendant's Removal is based on Diversity Jurisdiction:**

      13.   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a)(1); *see also Collins v. Novartis Pharms. Corp.*, 2015 WL 178157 (M.D. Ala. Jan. 14, 2015).

14.     This Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

a.     **Complete Diversity Exists:**

15.     Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants. *Bel-Bel Int'l Corp. v. Community Bank,* 162 F.3d 1101, 1106 (11th Cir. 1998).   For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" and a limited liability company is a citizen of any State in which its members are citizens. *Id; see also Dyer v. Wal-Mart Stores, Inc.,* 535 Fed. Appx. 839, 841 (11th Cir. 2013)(*discussing* 28 U.S.C. § 1332(c)(1)).

16.     The Plaintiff is a resident citizen of the state of Alabama at the time the Complaint was filed.  [Exhibit A – Complaint and Amended Complaint].

17.     Defendant Keith Rock is a resident citizen of the state of South Carolina. [Exhibit B].

18.     Defendants RDW Transport, Rock Trans, and Berkeley Scrap Metal are businesses organized under the laws of South Carolina and have their principal place of business in South Carolina. [Exhibit C, D, E].

19.     Defendant Progressive Direct Insurance Company is an insurance company organized under the laws of the state of Ohio with its principle place of business located in the state of Ohio.  [Exhibit F].

20.     Therefore, complete diversity exists because the Plaintiff is a citizen of Alabama and the Defendants are citizens of either South Carolina or Ohio.

21.     The Plaintiff originally identified two resident Defendants:  City of Odenville and Alabama Power; however, the Circuit Court of St. Clair County Alabama has dismissed the two resident Defendants.   The State Trial Court dismissed Alabama Power Company by Order dated October 6, 2017.  The State Trial Court dismissed the City of Odenville, Alabama, by Order dated December 7, 2017. [Exhibit A – October 6, 2017 Order and December 7, 2017 Order].

22.     Therefore, complete diversity exists.

   **b.     The Amount in Controversy exceeds $75,000.00:**

23.     The Complaint and Amended Complaint seek an unspecified amount of damages.  The Complaint and Amended Complaint allege, however, negligence and wantonness and recklessness for the wrongful death of the decedent.  [Exhibit A – Complaint and Amended Complaint].

24.     "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

25.    The *Lowery* court held that unspecified damages in a complaint and a defendant's bare assertions in a removal do not satisfy the "preponderance of the evidence burden." *See id* at 1210–11.

26.    Notwithstanding *Lowery*, a wrongful death action brought under Alabama law satisfies the amount in controversy.   *See Roe v. Micheline North America, Inc.,* 637 F.Supp.2d 995 (M.D. Ala. 2009).  The *Roe* court explicitly found that a wrongful death action filed under Alabama law satisfies the amount in controversy requirement despite the requirements of *Lowery. Id.* (*stating* "judicial experience and common sense" should be employed when determining whether a Complaint satisfies the amount in controversy requirement and *finding* that damages in a wrongful death case in Alabama, which are intended to punish the wrongdoer, necessarily satisfy the jurisdictional threshold).

27.    A court may ascertain from the face of the Complaint alleging wrongful death that the amount of controversy exceeds $75,000.00. *Butler v. Charter Communications, Inc.,* 755 F.Supp.2d 1192 (M.D. Ala. 2010).

28.    Therefore, this case is removable and this Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1367 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## III.   The Removal is Timely:

29.    The Defendant timely files this Notice of Removal pursuant to 28 U.S.C. 1446(b)(1) which requires an action be removed within thirty days of it first becoming removable: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

30.    This case was not initially removable because the parties were non-diverse.

31.    The Plaintiff originally identified two resident Defendants: City of Odenville and Alabama Power; however, the Circuit Court of St. Clair County Alabama has dismissed the two resident Defendants.    The State Trial Court dismissed Alabama Power Company by Order dated October 6, 2017.   The State Trial Court dismissed the City of Odenville, Alabama, by Order dated December 7, 2017.

32.    A case becomes removable once the non-diverse Defendant is formally dismissed from the case. *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988)("...[N]on-diverse defendant must be formally dismissed from the case to permit a subsequent removal ...."). Once the Trial Court formally dismisses

the non-diverse defendant, the remaining defendants have thirty days to remove the case to Federal Court. *See id.*

33.    As such, the remaining Defendants have until thirty days after the last remaining resident-defendant is formally dismissed to remove the case. This Removal is filed within thirty days of December 7, 2017, and is, therefore, timely filed.[2]

34.    Moreover, this case is removed within one year after commencement of the action pursuant to the requirement of 28 U.S.C. 1446(c)(1).

**IV.    All Remaining Defendants Consent to Removal:**

35.    All Defendants have consented and joined in the removal and satisfied the requirements of 28 U.S.C.A. § 1446. *See Beard v. Lehman Bros. Holdings, Inc.,* 458 F. Supp. 2d 1314 (M.D. Ala. 2006).

36.    Counsel for all served and answered Defendants have signed the Notice of Removal. *See Id.* Berkely Scrap Metal has signed an affidavit expressing consent.

**V.    Removal is Perfected and Proper Notice Provided:**

37.    The United States District Court for the Northern District of Alabama, Middle Division encompasses the geographic area of the Circuit Court of St. Clair County, Alabama.

---

[2] See Fed. R. Civ. P 6(a)(1)(C), which states: when the period is stated in days or a longer unit of time: include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

38.     Copies of all process and pleadings served upon the Defendants in the state court, including the Case Action Summary from the State Judicial Information System web site ALACOURT.COM are attached hereto as Exhibit A.

39.     The Defendants provide prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of St. Clair County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit G, together with a copy of this Notice of Removal, in the Circuit Court of St. Clair County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

40.     As set forth above, diversity of citizenship exists between the proper parties in this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1446, the action is removed to this Court.

41.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this action is duly removable.

WHEREFORE, PREMISES CONSIDERED, Defendants Keith Rock and Rock Trans, LLC, with the consent of Defendants RDW Transport, LLC, and Progressive Direct Insurance Company, respectfully requests this Honorable Court to enter an Order effecting the removal of this action from the Circuit Court of St. Clair County, Alabama, to this Court and make such other orders as may be

appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

## IF NECESSARY, ORAL ARGUMENT REQUESTED

DATED this the 8ᵗʰ day of January 2018.

Respectfully Submitted,

/s/

JAMES A. POTTS (POT015)
JUSTIN I. HALE (HAL098)
*Attorney for Defendants Keith Rock*
*& Rock Trans, LLC*

**OF COUNSEL:**
STOCKHAM, COOPER & POTTS, P.C.
1111 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 776-9000 | (205) 776-9099 *fax*
jpotts@scplaw.net
jhale@scplaw.net

## ADDITIONAL SIGNATURES ON NEXT PAGE

/s/

PAUL A. MILLER (MIL011)
PATRICK W. FRANKLIN (FRA051)
*Attorneys for RDW Transport, LLC*

**OF COUNSEL:**
MILLER, CHRISTIE & KINNEY, P.C.
Naphcare Building
2090 Columbiana Road, Suite 3400
Vestavia Hills, Alabama 35216
(205) 326-0000 | (205) 323-2945 *fax*
pmiller@mck-law.com
pfranklin@mck-law.com

/s/

ALBERT J. TROUSDALE (TRO005)
*Attorney for Defendant Progressive*
*Direct Insurance Company*

**OF COUNSEL:**
TROUSDALE RYAN, P.C.
113 East Tennessee Street
Florence, AL 35631
(256) 767-0333 | (256) 767-0331 *fax*
albert@trousdaleryan.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing document by E-Filing on this the _8th_ day of _January_ 2018, to:

Ted Mann, Esq.
Robert Potter, Esq.
600 University Park Place
Suite 250
Birmingham, AL  35209

/s/
OF COUNSEL