FILED
2018 Jan-09  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A
# Part 1

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT FOR ST. CLAIR COUNTY, ALABAMA

CIVIL ACTION NO.: _____


TAMARA JEAN PEACE, as Administrator of the Estate of DONALD RAY PEACE, deceased,

       Plaintiff

vs.


KEITH ROCK; RDW TRANSPORT, LLC; ROCK TRANS, LLC; PROGRESSIVE DIRECT INSURANCE COMPANY; CITY OF ODENVILLE, ALABAMA; ALABAMA POWER COMPANY; Fictitious party defendants are described as follows:  No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's motor vehicle on the occasion made the basis of this suit;  No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;  No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;  No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint;  No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof;  No. 7, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision;  No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence;  No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence;  No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit;  No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;  No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in

the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities who or which conducted inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 20**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the site where Plaintiff was injured prior to the occurrence made the basis of Plaintiff's complaint; **No. 21**, whether singular or plural, that entity or those entities who or which designed the roadway, street lamps and/or traffic control for the roadway involved in the occurrence made the basis of this lawsuit; **No. 22**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered, repaired, replaced, and/or partially removed traffic control, street lamps and/or lighting for the roadway involved in said occurrence; **No. 23**, whether singular or plural, that entity or those entities, who or which constructed, graded, and/or designed the roadway, traffic control street lamps and/or lighting for the roadway involved in the occurrence made the basis of this suit were installed; **No. 24**, whether singular or plural, that entity or those entities who or which was the engineer, architect, designer and/or draftsman that designed the plans to the roadway, traffic control and/or lighting for the roadway involved in the occurrence made the basis of this suit; **No. 25**, whether singular or plural, that entity or those entities, who or which was the contractor or construction company who designed the roadway, traffic control street lamps and/or lighting for the roadway involved in the occurrence made the basis of this suit; **No. 26**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 27**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 28**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 29**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 30**,

2

whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of the construction crew of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 31**, whether singular or plural, that entity or those entities who or which undertook to perform certain inspection, certification and/or approval services for the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 32**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 33**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 34**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

Defendants

## COMPLAINT

### Parties

1.      The Plaintiff, Tamara Jean Peace, as Administrator of the Estate of Donald Ray Peace, is over the age of nineteen and a resident citizen of St. Clair County, Alabama.

2.      The Defendant, Keith Rock, is over the age of nineteen years and resident citizen of the state of South Carolina.

3.      The Defendant, RDW Transport, LLC (hereinafter referred to as "RDW") is a foreign corporation doing business by agent in St. Clair County, Alabama.

4.      The Defendant, Rock Trans, LLC (hereinafter referred to as "Rock Trans") is a foreign corporation doing business by agent in St. Clair County, Alabama.

5.      The Defendant, Progressive Direct Insurance Company, (hereinafter referred to as Defendant "Progressive) is a foreign corporation doing business by agent in St. Clair County,

3

Alabama.

6.      The Defendant, City of Odenville, Alabama (hereinafter "City of Odenville") is a city

located in St. Clair County, Alabama.

7.      The Defendant, Alabama Power Company (hereinafter "Alabama Power") is an

Alabama corporation doing business by agent in Jefferson County, Bessemer Division, Alabama.

8.      Fictitious party defendants are described as follows: Fictitious party defendants are
described as follows:   **No. 1**, whether singular or plural, the driver of the motor vehicle which
collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the
occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle
which collided with plaintiff's motor vehicle on the occasion made the basis of this suit;   **No. 3**,
whether singular or plural, that entity or those entities who or which afforded any insurance coverage
to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis
of this lawsuit;   **No. 4**, whether singular or plural, that entity or those entities who or which provided
maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this
lawsuit;   **No. 5**, whether singular or plural, that entity or those entities who or which did any repair
work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**,
whether singular or plural, that entity or those entities who or which manufactured and/or distributed
the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the
component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which
were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made
the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the
driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type
of service or employment duty at the time of this collision;   **No. 9**, whether singular or plural, that
entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the
occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No.
10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles
involved in the collision made the basis of this lawsuit was being operated at the time of said
occurrence;   **No. 11**, whether singular or plural, that entity or those entities who or which was
responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the
basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual
or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the
occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those
entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or
operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any
component part thereof, or any attendant equipment used or available for use therewith; **No. 14**,
whether singular or plural, that entity or those entities who or which tested, inspected, approved, or
issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit,
any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**,

4

whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities who or which conducted inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 20**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the site where Plaintiff was injured prior to the occurrence made the basis of Plaintiff's complaint; **No. 21**, whether singular or plural, that entity or those entities who or which designed the roadway, street lamps and/or traffic control for the roadway involved in the occurrence made the basis of this lawsuit; **No. 22**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered, repaired, replaced, and/or partially removed traffic control, street lamps and/or lighting for the roadway involved in said occurrence; **No. 23**, whether singular or plural, that entity or those entities, who or which constructed, graded, and/or designed the roadway, traffic control street lamps and/or lighting for the roadway involved in the occurrence made the basis of this suit were installed; **No. 24**, whether singular or plural, that entity or those entities who or which was the engineer, architect, designer and/or draftsman that designed the plans to the roadway, traffic control and/or lighting for the roadway involved in the occurrence made the basis of this suit; **No. 25,** whether singular or plural, that entity or those entities, who or which was the contractor or construction company who designed the roadway, traffic control street lamps and/or lighting for the roadway involved in the occurrence made the basis of this suit; **No. 26**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 27**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 28**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 29**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 30**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the

5

maintenance, operation, or to the selection, training and hiring of the construction crew of the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 31,** whether singular or plural, that entity or those entities who or which undertook to perform certain inspection, certification and/or approval services for the roadway, traffic control, street lamps and/or lighting for the roadway involved in the occurrence made the basis of this lawsuit; **No. 32,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 33,** whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 34,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

### Facts

9.      On or about May 23, 2017, while traveling on U.S. Highway 411 at or near Liberty Road in Odenville, St. Clair County, Alabama, the Defendants, Keith Rock, RDW, Rock Trans, and one or more of the fictitious party defendants listed and described hereinabove, negligently and/or wantonly operated a motor vehicle thereby allowing the vehicle driven by Defendant Keith Rock to strike the Plaintiff's decedent's vehicle. The combined negligence and/or wantonness of Defendants Keith Rock, RDW, Rock Trans, combined and/or concurred, to proximately cause the injuries and damages to the Plaintiff's decedent.

10.     Based upon information and belief, the Defendant Keith Rock, acting within the line and scope of his employment and/or agency for Defendants RDW and Rock Trans, was driving his commercial vehicle northbound on U.S. Highway 411, when the Plaintiff was traveling southbound and the Defendant Keith Rock began to back south across the southbound lane blocking all lanes of travel which caused the Plaintiff's decedent to strike the Defendant's trailer in the southbound lane

6

causing his death.

11.     The conduct of the Defendant Keith Rock, while acting within the line and scope of his employment and/or agency for Defendants RDW and Rock Trans, was in violation of the Alabama Rules of the Road, Federal Motor Carrier Safety Regulations and the Commercial Drivers Manual applicable to commercial drivers operating vehicles within the State of Alabama.

12.     At the aforesaid time and place, the Defendant, Keith Rock, was engaged in the regular course and scope of his employment for Defendants RDW and Rock Trans, as an agent, servant and/or employee and is legally responsible for his actions.

13.     On or about May 23, 2017, the Defendants RDW and/or Rock Trans, were the owners of the vehicle being driven by Defendant Keith Rock, and had the right of control over the use of the motor vehicle.  Defendants RDW and/or Rock Trans, as owner of the motor vehicle, and as such, had the authority to supervise the maintenance, operation, and repair of said motor vehicle; negligently entrusted said vehicle to Defendant, Keith Rock, who negligently or wantonly operated said vehicle injuring the Plaintiff's decedent.  Defendant Rock Trans entrusted said vehicle to the Defendant, Keith Rock and are therefore liable to the Plaintiff.  Said negligent entrustment was a proximate cause of the Plaintiff's decedents injuries and damages described herein.

14.     At the aforesaid time and place, and for sometime prior thereto, the Defendants RDW and/or Rock Trans were the employer of the Defendant Keith Rock, and as such, had the authority to supervise the hiring and training of drivers of motor vehicles operated by or on behalf of Defendants RDW and/or Rock Trans. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's decedent's injuries as hereinafter described.

7

15.     The street lamp at the site of the accident was not lit, dimly lit, and/or not functional and therefore the Defendants, City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly installed, serviced, and maintained the street lamp which contributed to the Plaintiff's decedent's death as set forth hereinabove.

16.     At the aforesaid time and place, the Plaintiff's decedent was caused to be injured as a result of the negligent and improper construction, maintenance, service and/or repair of the street lamp and/or lighting on the roadway which the Plaintiff's decedent was traveling.

17.     The Defendants, City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly failed to keep and maintain the street lamp and/or lighting free and clear of potentially hazardous conditions and had a duty to properly service and maintain the subject lamp.  Said Defendants, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and replacing the defective and/or hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard of allowing the defective and/or hazardous condition to remain on the roadway.

18.     At the time of the accident as referenced above, the property and area in and around the roadway at the scene of the subject accident within the City of Odenville was not properly maintained and the Defendants City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, were aware of or should have been aware of the failure to maintain the property and/or pole and lamp, which caused and/or contributed to cause the accident made the basis of this suit.

8

19.     The Defendants, City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, negligently failed to keep and maintain the property and/or pole and lamp of potentially hazardous conditions. Defendants City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and maintaining the subject lamp and/or hazardous condition, and were negligent in affirmatively creating a hazard of allowing the vegetation and/or hazardous condition to remain.

20.     Fictitious party defendants listed and described in the caption hereinabove, whose more correct names and identities are unknown to Plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

21.     Plaintiff alleges that the injuries and damages hereinafter described are a proximate consequence of the negligent, wanton and/or wrongful conduct of the Defendants, Keith Rock, RDW, Rock Trans, City of Odenville, Alabama Power Company and one or more of the fictitious party defendants listed and described hereinabove.

22.     The aforesaid wrongful, negligent and/or wanton conduct of each of the above-described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the Plaintiff's decedent was injured resulting in his death.

## COUNT I

### Negligence

23.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

24.     At the times set forth hereinabove, the Defendants Keith Rock, RDW, Rock Trans,

9

and one or more of the fictitious party defendants listed and described hereinabove, negligently operated a motor vehicle which thereby striking the vehicle being operated by the Plaintiff's decedent causing the Plaintiff's decedent to sustain severe injuries resulting in his death as set forth hereinabove.

25.    As a direct and proximate consequence of the above-described negligent and wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

## COUNT II

### Wanton and Reckless Conduct

26.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

27.    At the times set forth hereinabove, the Defendants, Keith Rock, RDW, Rock Trans, and one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly operated a motor vehicle thereby striking the vehicle being operated by the Plaintiff's decedent  thereby causing the Plaintiff's decedent to sustain severe injuries resulting in his death.

28.    As a direct and proximate consequence of the above-described wanton and reckless conduct, the Plaintiff was injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

10

## COUNT III

### Negligent, Reckless and/or Wanton Violations of Rules of the Road

29.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

30.     At the times set forth hereinabove, the Defendants Keith Rock, RDW, Rock Trans, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly violated the rules of the road by causing or allowing the Plaintiff's decedent's vehicle to be struck thereby causing the Plaintiff's decedent to sustain severe injuries resulting in his death.

31.     As a direct and proximate consequence of the above-described negligent, reckless and/or wanton conduct, the Plaintiff's decedent has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

## COUNT IV

### Negligent Entrustment

32.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

33.     The Defendants RDW, Rock Trans, and one or more of the fictitious party defendants listed and described hereinabove negligently, recklessly and wantonly entrusted a 1988 Peterbuilt bearing vehicle identification number 1XP6DB9X5JD600774 to Defendant Keith Rock when said

11

Defendants knew or by exercise of reasonable care should have known, that Defendant Keith Rock was incompetent to use said vehicle.

34.     As a direct and proximate consequence of the Defendants' wrongful conduct, the Plaintiff's decedent was injured and damaged as is described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

**COUNT V**

**Uninsured/Underinsured Motorist Claim**

35.     The Plaintiff hereby adopts and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

36.     The Plaintiff avers that at all times referenced to herein the Plaintiff was insured by, or beneficiary to, policies of insurance (90973066) issued by the Defendant Progressive, a corporation, under a policy of motor vehicle insurance, whereby said Defendant was to provide the Plaintiff with protection against bodily injury, death, and property damage by uninsured and underinsured motorists for and in consideration of a premium paid to said Defendant on behalf of Plaintiff.

37.     The Plaintiff further aver that said injuries and damages herein described arose out of and were a proximate consequence of the negligent or wanton conduct of Defendant Keith Rock, RDW Transport, LLC, Rock Trans, LLC, City of Odenville, Alabama Power Company, and one or more of the fictitious party Defendants listed and described herein,   uninsured or underinsured motorists as aforesaid; that, at the time of Plaintiff's said injuries and damages arising out of the

12

accident caused by Defendant Keith Rock, RDW Transport, LLC, Rock Trans, LLC, City of Odenville, Alabama Power Company, the aforesaid policy of insurance was in full force and effect and all premiums were paid according to the terms of said policy; and that Defendant Progressive a corporation, has failed to pay for said bodily injuries and damages as suffered by the Plaintiff's decedent.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

**COUNT VI**

**Negligence II**

38.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

39.     On or about May 23, 2017, the Plaintiff's decedent was traveling on U.S. Highway 411 at or near Liberty Road in the City of Odenville, St. Clair County, Alabama, when there were street lamp not lit, dimly lit and/or not properly functioning.  The Defendants City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, had a duty and obligation to properly service, repair and maintain the street lamp.  Said Defendants were aware of or should have known of the defective condition of the subject roadway which caused or contributed to cause the accident made the basis of this suit.

40.     Defendants City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove,  negligently and/or wantonly failed to maintain the lamp which was not lit, dimly lit and/or not properly functioning thus allowing the

13

Plaintiff's decedent to be injured and damaged resulting in his death.

41.    As a direct and proximate consequence of the Defendants' conduct, the Plaintiff's decedent was caused to be injured resulting in his death.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

## COUNT VII

### Wantonness II

42.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

43.    On or about May 23, 2017, the Plaintiff's decedent was traveling on U.S. Highway 411 at or near Liberty Road in the City of Odenville, St. Clair County, Alabama, when there were street lamps not lit, dimly lit and/or not properly functioning.  The Defendant Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove, had a duty and obligation to properly service, repair and maintain the street lamp.  Said Defendants were aware of or should have known of the defective condition of the subject roadway which caused or contributed to cause the accident made the basis of this suit.

44.    Defendant Alabama Power Company, and one or more of the fictitious party defendants listed and described hereinabove,  wantonly failed to maintain the lamp which was not lit, dimly lit and/or not properly functioning thus allowing the Plaintiff's decedent to be injured and damaged resulting in his death.

45.    As a direct and proximate consequence of the Defendant's conduct, the Plaintiff's

14

DOCUMENT 2

decedent was caused to be injured resulting in his death.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant, jointly and severally, for such damages a jury may award for wrongful death, plus interest and costs of this matter.

## COUNT VIII

46.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding Paragraphs of the Complaint.

47.    At the aforesaid time and place, the Defendants, City of Odenville, Alabama Power Company and one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or in charge of maintaining the subject street lamp and property and as such had a duty and responsibility to provide the Plaintiff's decedent with a properly lit and safe roadway to travel. Said Defendants negligently breached this duty by failing to provide the Plaintiff's decedent with a properly lit and safe roadway to travel. Said negligent conduct was a proximate cause of Plaintiff's decedents injuries which resulted in his death.

48.    Defendants City of Odenville, Alabama Power Company and one or more of the fictitious party defendants listed and described in the caption hereinabove, were owners of the subject property, street lamp and/or roadway and, as such, said Defendant had the right to and did control the conditions, methods, and manner in which the property and/or roadway were maintained and/or performed at the time and place of the occurrence made the basis of Plaintiff's complaint. Said Defendants negligently failed to properly control the conditions, methods, and manner in which said property and/or roadway were maintained, serviced and/or repaired and said negligent conduct was a proximate cause of Plaintiff's decedent's injuries and death.

49.     The Defendants City of Odenville, Alabama Power Company, and one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently failed to warn Plaintiff's decedent of the dangers associated with the potentially hazardous condition for the purpose of eliminating the possibility of said Plaintiff's decedent being injured, and said negligent conduct was a proximate cause of Plaintiffs' decedent's injuries and death.

50.     Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent conduct of the Defendants  City of Odenville, Alabama Power Company and the fictitious party defendants listed and described hereinabove.

51.     The aforesaid wrongful and  negligent conduct of each of the above-described Defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the Plaintiff's decedent was injured resulting in his death.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus the cost of this action.

16

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

s/Robert Potter
Robert Potter
E-mail: robert@mannpotter.com
Attorney Code: POT011

Attorneys for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

s/Gerald C. Swann, Jr.
Gerald C. Swann, Jr.
E-mail: gswann@ball-ball.com
Attorney Code: SWA005

Attorney for Plaintiff
Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36104
Phone: 334-387-2060
Fax: 334-387-3222

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

s/Ted L. Mann
Ted L. Mann

**DEFENDANTS' ADDRESSES:**

Keith Rock
254 Asazlee Lane
Cross, SC 29436

RDW Transport, LLC
c/o Roderick D. Williams
1327 Toney Bay Road
Holly Hill, SC 29059

Rock Trans, LLC
c/o Keith Rock
254 Asazlee Lane
Cross, SC 29436

Progressive Direct Insurance Company
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

City of Odenville, Alabama
c/o Casie Roberson, City Clerk
183 Alabama Street
Odenville, Alabama 35120

Alabama Power Company
c/o Glenn J. Shaull
600 North 18th Street
Birmingham, Alabama 35291

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

18

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE, as Administrator )
of the Estate of Donald Ray Peace, deceased )
                                     )
         Plaintiff, )
                                       )
v.                                      )     CIVIL ACTION NO.:
                                       )
KEITH ROCK, et al.,                    )
                                       )
         Defendants. )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## KEITH ROCK

COMES NOW the Plaintiff in the above-styled cause, and request that the Defendant, Keith Rock, answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiffs request that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      State your correct name, address, date of birth and social security number.

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.      Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

DOCUMENT 3

4.      With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

    a.     his/her name, address, and telephone number;

    b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.     the field in which he/she is to be offered as an expert;

    d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

    e.     the substance of the facts to which he/she is expected to testify; and

    f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.      State whether or not at the time of the occurrence complained of herein there was an insurance agreement and/or excess insurance agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

    a.     the name and mailing address of the person or entity;

    b.     the applicable policy number(s);

    c.     the term(s) of the policy(s); and

    d.     the limits of liability afforded under the agreement(s).

2

6.    If the driver of said vehicle was performing a mission, errand or duty for any one whatsoever, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

7.    Describe when the accident occurred specifically and in detail with reference to the contour of the land, the traffic controls located at or near the scene, the grade or curve of the road, highway or intersection and any physical structures located within 200 feet of point of contact.

8.    State where the motor vehicle in which the plaintiff was riding was located with reference to the point of impact when the driver of the defendant's vehicle first observed same immediately thereto.

9.    State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

10.    If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages at the time of said collision, give the full name and address of each person who was drinking or intoxicated.

11.    State fully, specifically and in detail each and every act or thing done by the operator of the vehicle owned or operated by this defendant at the time of the collision made the basis of this suit during the last 1000 feet of said vehicle's approach to the point of collision, stating in your answer the chronological order of said acts or things.

12.    State the location of any other vehicles at or near the scene of the collision at the time of or immediately prior to said collision.

13.    Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit.

3

14.    Regarding your employment at the time of the accident made the basis of this suit, please state:

   a.    The name and address of your employer(s);

   b.    The name of your supervisor;

   c.    The date you began employment;

   d.    Whether you are still an employee;

   e.    If not, the reason you are no longer an employee;

   f.    Your work schedule for the date of the accident made the basis of this suit.

15.    Please list each and every medical provider from whom you have received treatment from May 23, 2016 through May 23, 2017. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis given, and medications prescribed.

16.    Please state specifically and in detail the nature and condition of the weather at the time of the accident made the basis of this suit.

17.    At the time of the accident in question, did you have a cell phone in your possession?

18.    Were you using your cell phone in any shape form or fashion at the time of the accident made the basis of this suit?  Please state the cellular number, the service provider, the account holder at the time of the accident.

19.    At the time of the subject accident, please state your intended destination and arrival time?

4

20.     At the time of the subject accident, please state where you were going and where you were coming from?

21.     Were you loaded at the time of the subject accident? If so, what was your weight?

22.     Did you ever see the vehicle being driven by Donald R. Peace prior to the subject accident? If not, were there any visions obstructions of his vehicle?

23.     What was your speed at the time of the subject accident with Donald R. Peace?

24.     What was the speed of Donald R. Peace at the time of the subject accident?

25.     Did you tell the State Trooper that was investigating this accident that:

a.      that you had driven past your intended destination and was going to turn around by backing into Liberty Road;

b.      at the time of the crash you began to back south across the south bound lane from the north bound lane into Liberty Road;

26.     What was your CB handle at the time of the subject accident?

27.     Did you complete any accident kits and/or take any photographs of the accident scene? If so, to whom did you provide these items and who is currently in possession of said information and please provide a copy of same.

28.     What was the policy and procedure of your employer if you are involved in an accident?

29.     Did you submit to a drug and alcohol test after the accident? If so, what was the name and address of the doctor, hospital, clinic and/or medical facility?

30.     Did you provide notice to RDW Transport, LLC., of the subject accident? If so, how did you provide notice and who did you first contact?

31.     What, if anything, did Donald R. Peace, do wrong in this accident?

32.     At the time of the subject accident, were you traveling north bound on U.S. 411 and had your tractor trailer in reverse?

33.     Was your tractor trailer in reverse at the time of the subject accident?

34.     At the time of the subject accident were you blocking both the north bound and south bound lanes of U.S. 411?

35.     Had you ever made a delivery and/or pick-up to any entity on Liberty Road prior to May 23, 2017?  If so, how many times and what were the dates.

36.     Are you an owner/operator for RDW Transport, LLC?

37.     Were you stopped and/or what was your speed at the time of the subject accident?

38.     In what lane(s) was the tractor and trailer in at the time of the subject accident?

39.     What was the length of your tractor and trailer at the time of the subject accident?

40.     At the time of the subject accident, please identify the name and address of the facility in which you were going?

s/Robert Potter
Robert Potter
Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**



**AlaFile E-Notice**

75-CV-2017-900175.00

Judge: PHIL K SEAY

To:  POTTS JAMES ALAN II
     jpotts@scplaw.net

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE AS ADMINISTRATOR OF THE ESTATE OF DONALD RAY PEACE V
75-CV-2017-900175.00

A court action was entered in the above case on 10/6/2017 9:44:25 AM

ORDER

[Filer: ]

Disposition:   GRANTED
Judge:         PKS

Notice Date:   10/6/2017 9:44:25 AM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

DOCUMENT 111

ELECTRONICALLY FILED
10/6/2017 9:44 AM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

# IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
## PELL CITY DIVISION

OF  DONALD  RAY  PEACE
TAMARA  JEAN  PEACE  AS)
ADMINISTR,
Plaintiff,                               )
                                         )
V.                                       )  Case No.:   CV-2017-900175.00
                                         )
ROCK KEITH,                              )
RDW TRANSPORT, LLC,                      )
ROCK TRANS, LLC,                         )
PROGRESSIVE        DIRECT                )
INSURANCE COMPANY ET AL,                 )
Defendants.                              )

## ORDER OF PRO TANTO DISMISSAL OF ALABAMA POWER COMPANY

This cause came to be heard upon the stipulation of the Plaintiff and Defendant Alabama Power Company and it is hereby  ORDERED, ADJUDGED AND DECREED as follows:

That the Defendant Alabama Power Company is hereby is dismissed with prejudice, costs taxed as paid.

That the Defendant Alabama Power Company's counter-claim against the Plaintiff is hereby dismissed with prejudice, costs taxed as paid.

This pro tanto dismissal does not dismiss the Plaintiff's claims against the remaining Defendants, KEITH ROCK; RDW TRANSPORT, LLC; ROCK TRANS, LLC; PROGRESSIVE DIRECT INSURANCE COMPANY; CITY OF ODENVILLE, ALABAMA.

The Plaintiff will continue to pursue all claims against the remaining Defendant.

DOCUMENT 111

**DONE this 6th day of October, 2017.**

/s/ **PHIL K SEAY**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| TAMMY PEACE, as Administrator of the | ) | |
| Estate of Donald R. Peace, deceased | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| KEITH ROCK, et al., | ) | |
| | ) | |
|      Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, KEITH ROCK

COMES NOW the Plaintiff and pursuant to A.R.C.P. 34 requests that Defendant, Keith Rock, produce within thirty (30) days at Mann & Potter, P.C., Suite 250, 600 University Park Place, Birmingham, Alabama 35209, the following documents:

NOTE A: This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1. Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action, including excess or umbrella insurance, or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2. Any and all photographs, or motion pictures of persons, places, or things involved

in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

4.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

5.      A copy of each expert witness' curriculum vitae.

6.      Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

7.      Produce each and every document pertaining to damage sustained by the vehicle involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

8.      Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

9.      Produce a copy of any and all statements, whether oral, taped with or without knowledge, recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

10.     Copies of any and all medical records from each and every medical provider from whom this defendant has sought treatment from May 23, 2016 to May 23, 2017. The term "medical provider" includes, but is not limited to emergency medical services, ambulances, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care

2

providers of any nature whatsoever. For each medical provider, please provide: operative reports, office notes, rehabilitation records, physical therapy reports, documents relating to appointments, prescriptions etc.

11.     Please provide a copy of your cell phone bill and/or records for May 23, 2017.

12.     Please produce a copy of any and all employee manuals, handbooks, safety guidelines that were given to you by your employer that were in effect at the time of the subject accident.

13.     Please produce a copy of any and all liability insurance, including excess or umbrella insurance, that was issued to Keith Rock and/or Rock Trans, LLC as an owner/operator that was in effect at the time of the subject accident.


s/Robert Potter
Robert Potter
E-mail: robert@mannpotter.com
Attorney Code: POT011

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

3

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | |
|---|---|
| TAMARA JEAN PEACE, as Administrator of the Estate of Donald Ray Peace, deceased<br><br>       Plaintiff,<br><br>v.<br><br>KEITH ROCK, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.:<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, ROCK TRANS, LLC & RDW TRANSPORT, LLC

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34

of the ALABAMA RULES OF CIVIL PROCEDURE, requests that the Defendants answer separately, in

writing and under oath the following interrogatories propounded by Plaintiff and to produce the

following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.      "Defendant", "you" and/or "your" means each and every one of the named

Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons

acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.      The word "person(s)" means individuals and entities, including, without limitation,

sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts,

estates and any other legal, business or governmental entity.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make

the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and

"including" shall be construed to mean "without limitation."

4.      The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

> All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.      The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.      The word "identify" when used with respect to a person or entity other than an

2

individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.      The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

### Continuing Interrogatories
### and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

### Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making

3

them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known

4

location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.      The type of document or thing;

b.      The types of information contained thereon;

c.      The date upon which it ceased to exist;

d.      The circumstances under which it ceased to exist;

e.      The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely

5

identical to the originals.  In addition you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.      Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.(**Note:** "identify is a term defined in the *Definitions and Instructions* section hereof).

3.      Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.      With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.      his/her name, address, and telephone number;

b.      the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.      the field in which he/she is to be offered as an expert;

d.      a summary of his/her qualifications within the field in which he/she is expected to testify;

e.      the substance of the facts to which he/she is expected to testify; and

f.      the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

6

5.      State whether or not at the time of the occurrence complained of herein there was an insurance agreement or excess and/or umbrella insurance agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

a.      the name and mailing address of the person or entity;

b.      the applicable policy number(s);

c.      the term(s) of the policy(s); and

d.      the limits of liability afforded under the agreement(s).

6.      State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

7.      If the driver of said vehicle was performing a mission, errand or duty for anyone whatsoever other than this Defendant, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

8.      State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

9.      Describe each and every thing which Donald R. Peace did which caused and/or contributed to the collision made the basis of this suit.

10.     Identify any other individual, entity or entities other than the named defendants in this

7

cause which may be liable or responsible for the collision made the basis of this suit.

11.     Please state the identity of any person, firm or corporation including their name, address and qualifications who may have downloaded any DDEC information or information from an electronic data recorder or black box on board the tractor being operated by Keith Rock at the time of the accident made the basis of this suit.

12.     Did Keith Rock provide notice to this Defendant of the accident made the basis of this suit?  If so, please list the following:

        a.     the date of notification;

        b.     the name of the person who was notified;

        c.     the communication from Keith Rock;

        d.     whether the person whom Keith Rock spoke with is still employed with this Defendant.  If not, please provide the last known address and phone number and the personnel file of that individual.

## REQUESTS FOR PRODUCTION

The **"documents"** covered by this request are as follows:

1.     Any and all insurance agreements including excess or umbrella insurance agreements or policies (including the declarations page) under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause.

2.     Any and all photographs, or motion pictures of persons, places, or things involved

8

in the events and/or conditions made the basis of this lawsuit, including the tractor, trailer and vehicles involved in the accident as well as the scene of said occurrence.

3.    Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

4.    Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

5.    Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

6.    A copy of each expert witness' curriculum vitae.

7.    Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

8.    The USDOT or ALDOT certificate of authority for Defendants to operate in interstate commerce in effect on May 23, 2017.

9.    The driver's log of the driver of the vehicle on the date of the accident made the basis of this suit and six months prior thereto up to May 23, 2017 for the vehicle in question and any other vehicle operated by said Defendant driver during said period of time.

10.    The investigation report, accident report or other report regarding the incident made the basis of this suit done prior to the complaint being filed.

11.    Any and all transcriptions of dispatcher accounts between Keith Rock and this Defendant on May 23, 2017.

12.    The USDOT or ALDOT file maintained on Keith Rock by this Defendant.

9

13.     A copy of any and all bills of lading regarding any goods transported by the driver of the Defendant's vehicle involved in the accident made the basis of this suit and for all goods transported from April 1, 2017 through May 23, 2017.

14.     A copy of any and all maintenance inspection reports and records for the vehicle occupied for the Defendant from November 1, 2016 through May 23, 2017.

15.     A complete copy of the personnel/DOT file for the driver of the defendant's vehicle involved in the accident made the basis of this suit.

16.     A copy of all alcohol and/or drug screen/tests performed on Keith Rock or any driver of the defendant's vehicle involved in the accident made the basis of this suit on or about May 23, 2017 at any time prior to or following the subject accident.

17.     Please produce a copy of the DDEC and/or QUALCOMM reports or any electronic crush data for Defendant's vehicle from January 1, 2017 through May 23, 2017.

18.     All records in your possession pertaining to Keith Rock, as required by the Federal Motor Carrier Safety Regulations including but not limited to, application for employment, personnel file, record of traffic violations, copy of road test, copy of written examination, medical examiner's certificate of physical qualification, and any and all disciplinary actions by the company for any company, state or federal infractions, accidents or any other procedure or guideline violation.

19.     All records and logs or other documents pertaining to the truck driven by Keith Rock and all records and logs pertaining to Keith Rock, including the vehicle he was operating at the time of the subject accident.

20.     Any documents relating to company procedure regarding a driver's duties or actions when he/she is involved in an accident, including safety manuals and employee handbooks.

10

21.     All documents in any way relating to the business or employment relationship between Defendants, Keith Rock and this Defendant, from the beginning of any relationship to the present.

22.     All documents which relate to reports of the payment schedule between this Defendant and Keith Rock.

23.     A copy of the accident report, Form MCS 50-B, as required by FMCSR §394.9.

24.     A copy of all safety literature, safety programs, safety manuals or other written documents pertaining to safety provided to drivers by this Defendant.

25.     Any and all medical records of Keith Rock.

26.     All trips and / or operational documents pertaining to the movement of cargo by Keith Rock through the time the incident occurred (May 23, 2017). Please refer to the following sub-definitions and follow them closely grouping all documents produced by each trip occurring during the time period requested.

> A.      Driver•s trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status.
>
> B.      Receipts for any trip expenses or purchases made by driver or his co-driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.
>
> C.      Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

11

D.      All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

E.      All bills of loading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

F.      All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

G.      All cargo freight bills, Pro•s or other wise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

H.      All written instructions, orders or advise given to driver in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

I.      Dispatch and/or operation records indicated assignment of equipment and drivers to specific cargo pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

J.      Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

K.      All accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

L.      All initial or rough driver•s trip check-in or financial settlement sheets along

with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of the purpose of payment or period of time payment was made for.

M.      Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

N.      Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendant. Specifically copies of both the front and back" of each check and/or comchek issued to driver or any of his co-drivers is requested.

O.      Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

P.      Any and all trip leases or trip lease contracts involving driver with all related documentation issued to or created or received by any of the Defendant. Specifically, this includes any trip leases negotiated between the Defendant and/or any other motor carrier to their drivers inclusive of all related documentation thereto. Basically, related documentation" consists of any documents created or generated in reference to trip lease and in addition, driver•s daily logs and record of duty status, driver•s daily condition reports, motor carrier certification of driver•s qualification and any other documents that relate to the billing and payment for such movement of freight, and all other types of documentation regardless of form or description, relative to each occurrence involving the services and activities of driver.

Q.      Any and all other "operational or trip related documents" created or received by the Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendant and relative of the operations, activities, movements and trips accomplished by driver.

13

27.     Keith Rock's Qualification File maintained by this Defendant along with any other

documents contained therein in their precise state of existence on the date of the incident, May 23,

2017. Please refer to the following sub-definitions herein and follow them closely:

A.      Any pre-employment questionnaires or other documents secured from driver
        prior to employment.

B.      Any and all completed application for employment secured by Defendant
        both before and/or after the actual date of contract of employment by driver.

C.      All medical examinations, tests and certification of medical examinations
        inclusive of expired and non-expired documents relative to driver.

D.      All of driver's annual violation statements which should include one of each
        twelve months of contract or employment with the Defendant motor carrier
        in this case.

E.      All actual driver's motor carrier road tests administered by driver.

F.      All actual driver's motor carrier written tests administered to driver.

G.      All road and written test certificates issued by Defendant or any other motor
        carrier or organization to driver regardless of the date issued or the originator
        of such certificates.

H.      All past employment inquiries sent to or secured from former employers
        along with all responses from former employers inclusive of all U.S. mail,
        personal contact or telephone inquiries and results directed to or received by
        Defendant from past employers of driver.

I.      All inquiries to the answers received from organization in reference to
        driver's license record of traffic violations and accidents directed to and/or
        received by Defendant, or other organizations on behalf of Defendant, from
        state or federal governmental agencies relative to driver.

J.      Copies of all road and written test cards, medical cards, motor carrier
        certification of driver qualification cards and any other motor carrier
        transportation related cards in the possession of Defendant regardless of card
        issuance date or origin. This specifically includes cards, as previously
        described herein, issued by other motor carriers to driver or his co~drivers
        presently in their personal possession.

14

K.     All annual reviews, file reviews or file summaries and related documents found in the file(s) of driver and

L.     Any and all other contents of driver's qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

28.     All documents added to Keith Rock's "Driver Qualification File" from date of employment to the present date, as presently maintained by the Defendant. Please identify and produce such documents separate and apart from the documents requested in the Request Number (16) herein.

29.     Keith Rock's personnel file and/or any otherwise titled files on driver or in reference to driver's services, from initial contract or employment with Defendant to the present date. Please refer to the following sub-definitions and follow them closely:

A.     Applications, contracts, agreements, pay or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to driver.

B.     Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to driver.

C.     Prior industrial, vehicular, cargo, hazardous materials, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relates to driver.

D.     Office of Motor Carriers (OMC) or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the Defendant•s file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by driver, or any of his co-drivers.

E.     All other documents, regardless of description, title, form, origin or subject, maintained by the Defendant in reference to driver or his co-drivers, excluding only those documents required by the FMCSR Part 391, Driver Qualifications.

15

30.     Any state or OMC issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to Keith Rock, or her co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant regardless of the date of origin.

31.     All records of Keith Rock's duty status or daily logs and 60/70 hour summaries created by Keith Rock or Defendant for the period from January 1, 2017 through May 23, 2017 in accordance with FMCSR Part 395.

32.     All administrative type records of Keith Rock's record of duty status of driver's daily logs driving and/or work time audits, investigations or 60/70 hour log (logs) audit or time summaries for the six (6) months preceding the time of this incident accomplished or created by Defendant in reference to the record of submitted by Keith Rock.

33.     Any and all agreements, contracts or written arrangements in effect on the date of the incident between Keith Rock and Defendant including, but not limited to, any contracts to perform transportation services on behalf of Defendant by Keith Rock or other persons relative to Keith Rock's operations in the possession of the Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents between Defendant and Keith Rock or other persons in reference to the equipment operated by or services performed by Keith Rock.

34.     All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the incident occurred created or utilized by Defendant in controlling or directing it's drivers• operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any

16

Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this incident occurred.

35.     Any and all computer or otherwise generated documents and materials in reference to the daily, weekly or monthly operations of Keith Rock and/or the vehicles he operated, on behalf of or while employed by or contracted with Defendant, inclusive of tractor(s), truck(s) and trailer(s) maintenance, operational and dispatch generated dated showing trips made or loads transported for the six (6) months preceding the time of this incident by Keith Rock.

36.     Any and all written instructions issued to Keith Rock by Defendant in reference to completion of company reports, drivers trip reports, drivers record of duty status (logs) or time records, routes to travel or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported by driver on behalf of Defendant.

37.     Any and all written documents, letters directives memorandums, notes or notices from Defendant to Keith Rock or from Keith Rock to Defendant in the possession and not produced in accordance with prior requests herein.

38.     Any and all state tractor and/or trailer fuel or cab cards, state prorate registrations or state vehicle registrations in the possession of the Defendant and applicable to the operation of the tractor and trailer seven days prior to the subject accident.

39.     All generated motor carrier transportation scheduling, dispatch, load or operational daily summary date produced by Defendant from January 1, 2017 through May 23, 2017 relative to the operations of Keith Rock. This specifically includes any documents showing information such as the load assigned, equipment number, date of cargo pick up delivery, name of cargo shippers/receivers, drivers, dates of transport or other motor carrier organizations and/or Defendant's

17

drivers assigned to transport cargo on behalf of other motor carriers (trip leasing).

40.     All maintenance files and records maintained by the Defendant in accordance with FMCSR, Part 396 on the tractor involved in the incident inclusive of any inspections, repairs or maintenance done to the tractor and all driver daily condition reports submitted by any driver(s) before May 23, 2017. This specifically includes all the driver daily condition reports, maintenance files and records maintained by any other person(s) or organization(s) that Defendant may have borrowed, rented or leased the tractor from, or who performed maintenance service on behalf of or for Defendant.

41.     All copies of Defendant's systematic inspection, repair and maintenance of equipment program as required by FMCSR Part 396 inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with the FMCSR, Part 396 of the Regulations. This specifically includes any documents or records on systematic inspection, repair or maintenance of equipment created and in effect on the date the incident occurred by any other organization that Defendant may have rented, leased or contracted with in reference to the tractor and/or trailer.

42.     All safety manuals given to Keith Rock by this Defendant or a specimen of the same.

43.     A copy of any disciplinary measures for Keith Rock as a result of this accident.

44.     Please produce a copy of all weight tickets, weight tickets for any goods and/or pallets that were on the trailer being hauled by Keith Rock on May 23, 2017.

45.     Please produce a copy of any and all labels, bills relating, or any documentation showing the weight and/or description of all goods being hauled by Keith Rock on May 23, 2017.

46.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on May 23, 2017 at the time of the accident made the basis of this suit, including,

18

but not limited to all XATA data recording devices of the tractor from January 1, 2017 to May 23, 2017.

47.     Copies of all photographs taken by Keith Rock as a result of the subject accident.

48.     Copies of preventability studies performed by this Defendant regarding the subject accident.

49.     Copies of all accident kits filled out by Keith Rock as a result of the subject accident.


                              s/Robert Potter
                              Robert Potter
                              E-mail: robert@mannpotter.com
                              Attorney Code: POT011

                              Attorney for Plaintiff
                              Mann & Potter, P.C.
                              600 University Park Place, Suite 250
                              Birmingham, AL 35209
                              Phone: (205) 879-9661
                              Fax: (205) 879-9663


**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

# IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE, as Administrator )
of the Estate of Donald Ray Peace, deceased )
)
     Plaintiff, )
)
v. )     CIVIL ACTION NO.:
)
KEITH ROCK, et al., )
)
     Defendants. )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## PROGRESSIVE DIRECT INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled cause, and requests that the Defendant answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.    Please state this defendant's correct name and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories are answered).

2.    Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

DOCUMENT 6

3.    Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.    With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.    his/her name, address, and telephone number;

b.    the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.    the field in which he/she is to be offered as an expert;

d.    a summary of his/her qualifications within the field in which he/she is expected to testify;

e.    the substance of the facts to which he/she is expected to testify; and

f.    the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.    Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.    Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.    Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella or otherwise) of any kind whatsoever that could

2

arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

    a.     Full name of insurer(s);

    b.     Policy number(s);

    c.     Full description of the type of policy(ies); and

    d.     Limits of liability (single limit, per occurrence or otherwise).

8.     List each and every defense known to you at this time that you presently intend to assert.

9.     State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

10.     Please state the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

11.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

12.     If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

13.     State the name and address of each and every insurance carrier, and describe the type of insurance coverage or protection including all excess coverage and/or umbrella type policies,

3

which insured the Plaintiff against risks or losses on the date of the occurrence made the basis of this lawsuit and prior thereto, which may provide coverage in the event of a judgment in this case.

14.     State the full name and address of each witness that you expect to call at the trial of this case.

15.     List and describe each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case, as follows:

a.     A complete description of each photograph, document or item of demonstrative evidence;

b.     The name, employer, job title, business and resident address of each person through whom such photograph, other document and/or item of demonstrative evidence may or shall be offered as evidence.

16.     List and produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

17.     Please identify each individual employed by you who has had any contact or dealings with the Plaintiff and in response to this interrogatory, please provide the date of said contact, the substance and nature of said contact and the current address of the person employed by you who made such contact.

4

DOCUMENT 6

s/Robert Potter
Robert Potter
E-mail: robert@mannpotter.com
Attorney Code: POT011

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

5

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**

| | |
|---|---|
| TAMARA JEAN PEACE, as Administrator of the Estate of Donald Ray Peace, deceased | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: ) |
| KEITH ROCK, et al., | ) ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
PROGRESSIVE DIRECT INSURANCE COMPANY**

COMES NOW the Plaintiff in the above-styled cause and requests that the Defendant, Progressive Direct Insurance Company, respond to the following request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the requests for production or in defendant's response thereto or that defendant states the date and time that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

NOTE A: This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1.     Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for

1

payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2.      Any and all photographs, or motion pictures of persons, places, or things involved in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint. (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      List of witnesses or any other person who may be called by the defense to testify at trial.

5.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

6.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

7.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

2

8.     Any and all statements, whether recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

9.     A copy of each expert witness' curriculum vitae.

10.    Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

11.    Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case

12.    Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

13.    A certified copy of any and all insurance policies and/or certificates issued to or for the benefit of Plaintiff for the incident made the basis of this suit.

14.    A copy of the entire underwriting file for any insurance policy issued to and for the benefit of the Plaintiff including, without limiting the generality of the foregoing, any and all underwriting information, notes, memorandum, e-mails, explanation of benefits, or other underwriting action taken in regard to the issuance of any and all policies that would provide coverage for the Plaintiff regarding the accident made the basis of this suit.

15.    The entire claims file for all claims submitted for or on behalf of the Plaintiff under any policy of insurance for the accident made the basis of this lawsuit.  Specifically without limiting the generality of the foregoing, any and all claims information, notes, memoranda, e-mails, explanation of benefits, denial letters, denial forms, interoffice memoranda or other documents of any kind regarding claims submitted for benefits for or on behalf of the Plaintiff.

3

16.    A copy of any and all endorsements and/or amendments issued to any insurance policy issued to the Plaintiff or for the benefit of the Plaintiff regarding the accident made the basis of this suit.

17.    A copy of any and all letters, notes, correspondence, e-mails, computer memoranda, interoffice memoranda or other documents between officers, agents, employees or attorneys of the Defendant which were used in any way in the evaluation, investigation or determination of the Plaintiff's entitlement to full benefits under any insurance policy made the basis of this suit.

18.    Any and all letters, notes, correspondence or other documents by or between or to and from the Plaintiff and the Defendant.

19.    A copy of each and every declaration page and insurance policy covering each and every vehicle insured by this Defendant for the benefit of the Plaintiff on May 23, 2017.


                          Respectfully Submitted,

                          s/Robert Potter
                          Robert Potter
                          E-mail: robert@mannpotter.com
                          Attorney Code: POT011

                          Attorney for Plaintiff
                          Mann & Potter, P.C.
                          600 University Park Place, Suite 250
                          Birmingham, AL 35209
                          Phone: (205) 879-9661
                          Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

4

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE, as Administrator )
of the Estate of Donald Ray Peace, deceased )
                                    )
       Plaintiff, )
                                    )
v. )       CIVIL ACTION NO.:
                                    )
KEITH ROCK, et al., )
                                    )
       Defendants. )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, CITY OF ODENVILLE, ALABAMA

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, requests that the Defendant, City of Odenville, Alabama, answer separately, in writing and under oath the following requests propounded by Plaintiff and to produce the following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.     "Defendant", "you" and/or "your" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.     The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4.    The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

> All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.    The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.    The word "identify" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these requests.

7.      The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

## Continuing Requests

These requests are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these requests are obtained prior to trial.

## Instructions

Defendant should answer each request separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.  The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular request is not possible, the request should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

3

Answers to these requests shall set forth each question in full before each answer. Separate answers shall be provided in response to each request, and, when a request has subdivisions, to each subdivision.

With respect to any request calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the request or requests (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any request, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

4

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.      The type of document or thing;

b.      The types of information contained thereon;

c.      The date upon which it ceased to exist;

d.      The circumstances under which it ceased to exist;

e.      The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.     Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.(**Note:** "identify is a term defined in the *Definitions and Instructions* section hereof).

2.     Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

3.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.     his/her name, address, and telephone number;

b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.     the field in which he/she is to be offered as an expert;

d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

e.     the substance of the facts to which he/she is expected to testify; and

f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

4.     State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If so, please state the following with regard to each person or entity who entered into an insurance agreement with

6

you:

   a.     the name and mailing address of the person or entity;

   b.     the applicable policy number(s);

   c.     the term(s) of the policy(s); and

   d.     the limits of liability afforded under the agreement(s).

   5.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

   6.     If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

   7.     State the full name and address of each witness that you expect to call at the trial of this case.

   8.     List and describe each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case, as follows:

   a.     A complete description of each photograph, document or item of demonstrative evidence;

   b.     The name, employer, job title, business and resident address of each person through whom such photograph, other document and/or item of demonstrative evidence may

7

or shall be offered as evidence.

9.      Please state whether this defendant has possession or control of, or knows of the existence of any contracts or agreements between this defendant and/or any other entity named in this lawsuit and/or any other entity that is not a defendant in this lawsuit, which governed or in any way pertained to the street lamps at or near the site where Plaintiff's accident occurred.  If so, produce all such documents.

10.     Please state whether this defendant has possession of, control of, or knows of the existence of any blueprints, plans, specifications, pictures, maps, plats, drawings, diagrams and/or other depictions of the street lamp at the scene of Plaintiff's accident, including the location described in Plaintiff's complaint, whether made before, after or at the time of the events in question. If so, please produce all such documents, or state where such documents can be obtained if not in the possession or control of this defendant.

11.     Please state whether this defendant conducted any safety inspection, or other type of inspection at or about the scene of the occurrence made the basis of Plaintiff's complaint, or knows of any such inspection which were conducted, at any time preceding the date of the occurrence made the basis of Plaintiff's complaint.  If so, state:

    a.      The name and address of the person who conducted such inspection;

    b.      The date on which such inspection was conducted;

    c.      The name and address of any person who accompanied the person who conducted such inspection during said inspection;

    d.      Produce each note, memorandum, item of correspondence, drawing, picture and/or other document from which any of the information requested in parts (a) through (c),

8

inclusive.

12.     State whether this defendant or any of this defendant's employees, agents and/or representatives recognized, at any time prior to the occurrence made the basis of Plaintiff's complaint, any hazard and/or unsafe condition regarding the street lamp at the scene of the occurrence as described in Plaintiff's complaint.  If so, state:

a.      The name, employer, job title and business and residence and addresses of, and the date on which such person saw and/or recognized such hazard and/or unsafe condition;

b.      The full and complete description of each such hazard and/or unsafe condition so seen and/or recognized; and

c.      Produce each note, memorandum, item of correspondence, drawing, picture and/or other document from which any of the information requested in parts (a) through (b), inclusive.

13.     Please list all employees by name and last known address and telephone number for this Defendant who were in charge maintaining, servicing and/or repairing the street lamp at the scene of the occurrence and on the date of the occurrence made the basis of this complaint.

14.     Did this Defendant have the responsibility to maintain, service and/or repair of the street lamp at the scene of the accident made the basis of this suit on or before May 23, 2017?

15.     Please state the name, address and telephone number of the owner of the street lamp located at the intersection of U.S. Highway 411 and Liberty Road in the City of Odenville.

9

DOCUMENT 8

s/Robert Potter
Robert Potter
E-mail: robert@mannpotter.com
Attorney Code: POT011
Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE, as Administrator    )
of the Estate of Donald Ray Peace, deceased   )
                                )
       Plaintiff,                  )
                                )
v.                               )     CIVIL ACTION NO.:
                                )
KEITH ROCK, et al.,            )
                                )
       Defendants.            )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT, CITY OF ODENVILLE, ALABAMA

Pursuant to Alabama Rules of Civil Procedure, the Plaintiff request the Defendant, City of

Odenville, Alabama to answer in writing and under oath the following requests propounded by

Plaintiffs and to produce the following documents for inspection and copying by counsel for

Defendant:

### Definitions

As used herein:

1.     "Defendant" means any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on their behalf.

2.     The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4.     The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of defendants, including without limitation:

All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements;

DOCUMENT 9

contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; checks stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or other data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.     The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.     The word "identify" when used with respect to a person other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.); (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.     The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity so as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

### Continuing Requests for Production

These requests for production are continuing in character so as to require the filing of prompt

supplementary and amended answers and production if further or different information or additional documents relevant to any of these interrogatories or requests are obtained prior to trial.

### Lost or Destroyed Documents

If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

(a)     the type of document;

(b)     its date;

(c)     the date or approximate date it was lost, discarded or destroyed;

(d)     the circumstances and manner in which it was lost, discarded or destroyed;

(e)     if discarded or destroyed, the reason or reasons for disposing of the document;

(f)     the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

(g)     the identity of the person(s) who lost, discarded or destroyed the document; and

(h)     the identity of all persons having knowledge of the contents of the document.

### Instructions

Defendants should respond separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by defendants and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular request is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these requests shall set forth each question in full before each answer. Separate answers shall be provided in response to each request, and, when a request has subdivisions, to each subdivision.

With respect to any request calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the request (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any request, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or

otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

## Discovery Request

Defendants are requested, pursuant to the definitions and instructions above, to answer the following requests and produce the following documents:

1.      Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action.  This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2.      Any and all photographs, or motion pictures of persons, places, or things involved in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all photographs of the site where the Plaintiffs were injured at the time of the subject accident.

4.      Any and all notices and/or complaints of whatever kind or nature,  provided to this Defendant for any deficiencies of the street lamp at the scene of the occurrence made the basis of this suit.

5.      Any and all traffic control plans, manuals, guidelines to be followed by this Defendant for the street lamp on the roadway involved in the incident made the basis of this suit.

6.      Any and all notices and/or complaints, of whatever kind or nature, for any deficiencies in the street lamp at the scene of the occurrence made the basis of this suit by any entity, corporations, individual at any time prior to or following the incident made the basis of this suit.

7.    Any and all contracts between this Defendant and any other entity for the maintenance of the street lamp at the site of the accident made the basis of this suit.

8.    Any and all blue prints, plans, specifications, pictures, maps, plats, drawings, diagrams and/or other depictions of the street lamp at the subject accident, including the location as described in the Complaint made before or after the time of the events in question. (Please state where such documents can be obtained if not in possession or control of this Defendant.)

9.    Any and all documents provided to the State of Alabama regarding any inspection, inspection logs, performance reports, daily logs and/or reports given to the State of Alabama for the past five (5) years concerning the subject street lamp involved in this accident, including the location described in the Plaintiffs' complaint whether made before or after the time of the events in question. (Please state where such documents can be obtained if not in possession or control of this Defendant.)

10.   Any and all of this Defendant's policies and procedures for maintaining the street lamp at or near the scene of the occurrence made the basis of this suit.

11.   Any and all documents evidencing or relating to any and all rules which apply to maintaining, servicing and/or repairing the street lamp at or near the scene of the occurrence made the basis of this suit.

12.   Any and all photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit, including the scene of said occurrence.

13.   Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

14.   Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

15.    Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

16.    Any and all training manuals or similar documents which depict describe or discuss maintaining the street lamp involved in the incident made the basis of this suit.

17.    Any and all invoices, orders, purchase orders, e-mails, directives, recommendations, or other documents regarding the purchase, installation, design, service, maintenance and/or repair of street lamp on the subject roadway involved in the incident made the basis of this suit before or after May 23, 2017.

18.    A list of the names and addresses of all employees, firms, individuals, contractors or other persons who have performed any work on the subject street lamp involved in the incident made the basis of this suit during the last five (5) years.

19.    Please produce a copy of any and all notices and/or complaints of whatever kind or nature provided to this Defendant for any deficiency of the street lamp at or near the scene of occurrence made the basis of this suit.

20.    Please produce a copy of any and all traffic control plans, manuals, or guidelines to be followed by this Defendant for the maintenance of the street lamp involved in the incident made the basis of this suit.

21.    Please produce a copy of any contracts between this Defendant and any other entity for the maintenance of the street lamp at the site of the accident made the basis of this suit.

22.    Please produce a copy of any and all blueprints, plans, specifications of the street lamp at the site of the accident made the basis of this suit within five years prior to up to the date of this accident made the basis of this suit.

23.    The Defendant's policies and procedures for deficient street lamp at or near the scene

of the occurrence made the basis of this suit.

24.     Please produce a copy of any contracts by or between this Defendant and any other outside contractor for the maintenance of the subject street lamp made the basis of this suit.

25.     Please produce a copy of any and all construction drawings, blueprints or documents including but not limited to job diaries, payment histories, inspections, material lists, bids, contracts, or other documents concerning the accident made the basis of this suit at or near the scene of the accident.

26.     Please produce a copy of any and all police reports, investigation reports, concerning the accident made the basis of this suit.

27.     Produce a copy of all dispatch records, complaints, in the CAD system for the City of Odenville or May 23, 2017.

28.     Produce a list of all patrol officers for the City of Odenville on duty on May 23, 2017.

29.     Produce a copy of all complaints by any patrol officers or anyone other person to the City of Odenville regarding the street lamp being out at the intersection of the accident made the basis of this suit on May 23, 2017.

                              s/Robert Potter
                              Robert Potter
                              E-mail: robert@mannpotter.com
                              Attorney for Plaintiffs
                              Mann & Potter, P.C.
                              600 University Park Place, Suite 250
                              Birmingham, AL 35209
                              Phone: (205) 879-9661
                              Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
7/19/2017 3:47 PM
75-CV-2017-900175.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

TAMARA JEAN PEACE, as Administrator ) \
of the Estate of Donald Ray Peace, deceased ) \
                                   ) \
        Plaintiff,                 ) \
                                     ) \
v.                                         )     CIVIL ACTION NO.: \
                                       ) \
KEITH ROCK, et al.,                  ) \
                                       ) \
        Defendants.             )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## ALABAMA POWER COMPANY

COMES NOW the Plaintiff in the above-styled cause, and request that the Defendant, Alabama Power Company answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiffs request that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.     Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.     Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

    a.     his/her name, address, and telephone number;

    b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.     the field in which he/she is to be offered as an expert;

    d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

    e.     the substance of the facts to which he/she is expected to testify; and

    f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

4.     State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

    a.     the name and mailing address of the person or entity;

    b.     the applicable policy number(s);

    c.     the term(s) of the policy(s); and

    d.     the limits of liability afforded under the agreement(s).

5.     State the full name and address, giving the street, street numbers, city and state, of

2

every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

6.    If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

7.    State the full name and address of each witness that you expect to call at the trial of this case.

8.    Please state whether this defendant has possession or control of, or knows of the existence of any contracts or agreements between this defendant and/or any other entity named in this lawsuit and/or any other entity that is not a defendant in this lawsuit, which governed or in any way pertained to the maintenance of the street lamp at or near the site where plaintiff's decedent's accident occurred.  If so, produce all such documents.

9.    Please state whether this defendant conducted any safety inspection, or other type of inspection at or about the scene of the occurrence made the basis of plaintiffs' complaint, or knows of any such inspection which were conducted, at any time preceding the date of the occurrence made the basis of plaintiffs' complaint.  If so, state:

a.    The name and address of the person who conducted such inspection;

b.    The date on which such inspection was conducted;

c.    The name and address of any person who accompanied the person who conducted

3

such inspection during said inspection;

d.    Produce each note, memorandum, item of correspondence, drawing, picture and/or other document from which any of the information requested in parts (a) through (c), inclusive.

10.    Please list all employees by name and last known address and telephone number for this Defendant who were in charge of the upkeep and/or maintenance of the street lamp on the date of the occurrence made the basis of this complaint and for two years prior thereto.

11.    Was there any contract between this Defendant and any other entity regarding the street lamp at or near the accident made the basis of this suit?  If so, please attach a copy hereto.

12.    Do you have an easement for any power lines on U.S. Highway 411 intersecting Liberty Road in the City of Odenville, Alabama?

13.    Has this defendant filed any easements with the Probate Court in St. Clair County, Alabama for a street lamp on U.S. Highway 411 near Liberty Road? If so, please attached said filing in the Probate Court of St. Clair County.

14.    Please state whether this defendant has possession of, control of, or knows of the existence of any blueprints, plans, specifications, pictures, maps, plats, drawings, diagrams and/or other depictions of the street lamp at the scene of Plaintiff's accident, including the location described in Plaintiff's complaint, whether made before, after or at the time of the events in question. If so, please produce all such documents, or state where such documents can be obtained if not in the possession or control of this defendant.

15.    Please state whether this defendant conducted any safety inspection, or other type of inspection at or about the scene of the occurrence made the basis of Plaintiff's complaint, or knows

4

of any such inspection which were conducted, at any time preceding the date of the occurrence made the basis of Plaintiff's complaint.   If so, state:

    a.    The name and address of the person who conducted such inspection;

    b.    The date on which such inspection was conducted;

    c.    The name and address of any person who accompanied the person who conducted such inspection during said inspection;

    d.    Produce each note, memorandum, item of correspondence, drawing, picture and/or other document from which any of the information requested in parts (a) through (c), inclusive.

16.    State whether this defendant or any of this defendant's employees, agents and/or representatives recognized, at any time prior to the occurrence made the basis of Plaintiff's complaint, any hazard and/or unsafe condition regarding the street lamp at the scene of the occurrence as described in Plaintiff's complaint.   If so, state:

    a.    The name, employer, job title and business and residence and addresses of, and the date on which such person saw and/or recognized such hazard and/or unsafe condition;

    b.    The full and complete description of each such hazard and/or unsafe condition so seen and/or recognized; and

    c.    Produce each note, memorandum, item of correspondence, drawing, picture and/or other document from which any of the information requested in parts (a) through (b), inclusive.

17.    Please list all employees by name and last known address and telephone number for

this Defendant who were in charge maintaining, servicing and/or repairing the street lamp at the scene of the occurrence and on the date of the occurrence made the basis of this complaint.

18.     Did this Defendant have the responsibility to maintain, service and/or repair of the street lamp at the scene of the accident made the basis of this suit on or before May 23, 2017?

19.     Please state the name, address and telephone number of the owner of the street lamp located at the intersection of U.S. Highway 411 and Liberty Road in the City of Odenville.

s/Robert Potter
Robert Potter
E-mail: robert@mannpotter.com
Attorney Code: POT011

Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**