UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **TAMERA JEAN PEACE, as Administrator of the Estate of Donald Ray Peace,** } } } } | |
| Plaintiff, } } | Case No.: 4:18-cv-00041-ACA |
| v. } } | |
| **KEITH ROCK, et al.,** } } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff Tamara Jean Peace's second renewed motion for default judgment against Defendant Berkeley Scrap Metal.[1] (Doc. 42). Ms. Peace filed suit against, among others, Berkeley Scrap Metal, for the wrongful death of Donald Ray Peace in a car accident with its employee, Keith Rock. (*See generally* Doc. 1-8 at 99–114). Ms. Peace asserted claims of negligence; wanton and reckless conduct; negligent, reckless, and/or wanton violations of the rules of the road; and negligent entrustment. (*Id.* at 108–10).

---

[1] Some of the pleadings in this case spell Defendant's name as "Berkley" and some spell it as "Berkeley." The court will use the spelling from Ms. Peace's amended complaint. (*See* Doc. 1-8 at 99–114).

The court **GRANTS IN PART** and **DENIES IN PART** the second renewed motion for default judgment. Because the well-pleaded allegations and evidence submitted establish that Berkeley Scrap Metal is liable under a theory of *respondeat superior* for Keith Rock's negligence, the court finds that Berkeley Scrap Metal is liable for negligence and **GRANTS** the motion as to that claim. But because Ms. Peace has abandoned her claim for wanton and reckless conduct, the court **DENIES** the motion for default judgment on that claim. The court **DENIES** the motion for default judgment on the claim of negligent, reckless, and/or wanton violations of the rules of the road because Ms. Peace failed to present any argument about that claim. Finally, the court **DENIES** the motion for a default judgment on the claim of negligent entrustment because Ms. Peace neither alleged nor presented evidence that Berkeley Scrap Metal had knowledge of Mr. Rock's incompetence.

In her second renewed motion for a default judgment, Ms. Peace requested that the court award her $5,000,000 in punitive damages. (Doc. 42 at 10–11). Because the court cannot enter that award on the record currently before it, the court **DEFERS RULING** on the motion. The court will set a jury trial on damages by separate order.

## I. FACTS

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Accordingly, for purposes of this motion for default judgment, the court takes as true the well-pleaded allegations of Ms. Peace's amended complaint, as well as the supplemental evidence she submitted. *See* Fed. R. Civ. P. 55(b)(2)(C).

On May 23, 2017, Mr. Rock drove a trailer owned by Berkeley Scrap Metal to Alabama to pick up a load of scrap aluminum that Berkeley Scrap Metal had hired him to transport. (Doc. 1-8 at 105 ¶ 11, 106 ¶ 14; Doc. 42-1 at 15–17, 26). Mr. Rock arrived at the business to pick up the load around 3:00 a.m. (Doc. 42-1 at 25). Believing that he needed to turn the tractor-trailer around, Mr. Rock continued driving past the business until he found a side street. (*Id.*). In an attempt to turn the truck around, he blocked both the northbound and southbound lanes of a highway. (Doc. 1-8 at 105 ¶ 10; Doc. 42-1 at 27). Mr. Peace then drove into the side of the tractor-trailer. (Doc. 1-8 at 105 ¶ 10; Doc. 42-1 at 28). Mr. Peace eventually died from the injuries he sustained in the crash. (Doc. 1-8 at 105 ¶ 10).

Before the crash, Mr. Rock had had his commercial driver's license suspended "[m]aybe three times" for failure to pay fines. (Doc. 42-1 at 4–5). He

also has two convictions for drug trafficking and one for his trailer missing a VIN plate. (Doc. 42-1 at 5–6).

Ms. Peace, as the administrator of Mr. Peace's estate, filed this lawsuit against several defendants, asserting state law claims for negligence; wanton and reckless conduct; negligent, reckless, and/or wanton violations of the rules of the road; and negligent entrustment. (Doc. 1-8 at 108–110). All of the defendants except Berkeley Scrap Metal appeared, and Ms. Peace dismissed all of the claims against those defendants with prejudice. (Doc. 40). Berkeley Scrap Metal, however, has not appeared, and on July 9, 2018, the Clerk entered default against it. (Doc. 24). Ms. Peace now moves for a default judgment against Berkeley Scrap Metal. (Doc. 36).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief.

Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Here, Ms. Peace has obtained from the Clerk an entry of default against Berkeley Scrap Metal, so she has satisfied the first step of the procedure. The court must now determine whether the well-pleaded allegations and evidence submitted in support of default judgment establish that Berkeley Scrap Metal is liable for negligence; wanton and reckless conduct; negligent, reckless, and/or wanton violations of the rules of the road; and negligent entrustment.

To do so, the court must determine whether the claims would "survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "When evaluating a motion to dismiss, a court looks to see whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (some quotation marks omitted) (alteration in original). A claim to relief is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

Before addressing whether Ms. Peace has satisfied this standard, the court must address two preliminary issues. First, although Ms. Peace's motion acknowledges the existence of her claim of negligent, reckless, and/or wanton violations of the rules of the road, she does not set out the elements of such a claim or any argument explaining how the well-pleaded allegations in her complaint satisfy that claim. Accordingly, the court **DENIES** the motion for default judgment as to the claim of negligent, reckless, and/or wanton violations of the rules of the road.

Second, after Ms. Peace filed her second renewed motion for a default judgment, the court issued a show cause order asking whether Alabama law permits a court to enter a judgment on claims of negligence and wantonness arising out of the same acts. (*See* Doc. 43). In response, Ms. Peace opted to proceed only on her claim for negligence. (Doc. 44 at 2). Accordingly, the court **DENIES** the motion for a default judgment on the claim of wanton and reckless conduct.

Having disposed of Ms. Peace's claims for wantonness and negligent, reckless, and/or wanton violations of the rules of the road, the court will now

address whether a default judgment is warranted on her remaining claims of negligence and negligent entrustment.

1. Negligence

In this case, Ms. Peace seeks to hold Berkeley Scrap Metal responsible for Mr. Rock's alleged negligence under a theory of *respondeat superior*. (*See* Doc. 42 at 7–9).

"Under the doctrine of *respondeat superior* a principal is vicariously liable for the torts of its agent if the tortious acts are committed within the line and scope of the agent's employment." *Bain v. Colbert Cty. Nw. Ala. Health Care Auth.*, 233 So. 3d 945, 955 (Ala. 2017) (alteration and quotation marks omitted). "The vicarious liability of a putative master under the rule of *respondeat superior* depends upon the liability of the putative servant." *Hollis v. City of Brighton*, 885 So. 2d 135, 141–42 (Ala. 2004). Accordingly, the court must first determine whether the well-pleaded allegations establish that Berkeley Scrap Metal was Mr. Rock's employer and, if it was, whether Mr. Rock was negligent while acting within the line and scope of his employment.

Ms. Peace has specifically pleaded that Berkeley Scrap Metal was Mr. Rock's employer (doc. 108 at 106 ¶ 14), so the court accepts that allegation as true. Ms. Peace has also pleaded that, at the time of the accident, Mr. Rock was driving the tractor-trailer on his way to pick up a load to transport on Berkeley

Scrap Metal's behalf. (*Id.* at 105 ¶ 11, 106 ¶ 14; Doc. 42-1 at 15–17, 26). The court therefore finds that Ms. Peace has established that Mr. Rock was acting in the line and scope of his employment with Berkeley Scrap Metal. The only remaining question is whether Mr. Rock's actions were negligent.

In Alabama, "[n]egligence has three essential elements: (1) a duty owed to the plaintiff by the defendant, (2) the breach of that duty, and (3) injury proximately caused by the breach." *Bethea v. Escambia Cty.*, 514 So. 2d 872, 874 (Ala. 1987). "[A] vehicle operator is under a duty to use reasonable care in operating the vehicle." *Jones v. Baltazar*, 658 So. 2d 420, 421 (Ala. 1995).

Ms. Peace has pleaded and presented evidence that Mr. Rock, in the course of turning his tractor-trailer around at 3:00 am in the morning, completely blocked both lanes of a highway, causing the accident that led to Mr. Peace's death. (*See* Doc. 1-8 at 105 ¶ 10; Doc. 42-1 at 25, 27–28). From these facts the court can reasonably infer that Mr. Rock acted negligently. *See Twombly*, 550 U.S. at 570. Thus, under the doctrine of *respondeat superior*, Berkeley Scrap Metal is liable for Mr. Rock's negligence. The court therefore **GRANTS** the motion for a default judgment on Ms. Peace's claim of negligence against Berkeley Scrap Metal.

2. Negligent Entrustment

Ms. Peace's amended complaint asserts a claim for negligent entrustment. (Doc. 1-8 at 110). In support of that claim, she states that Berkeley Scrap Metal

8

"negligently, recklessly and wantonly" entrusted the tractor and trailer to Mr. Rock when it "knew or by exercise of reasonable case should have known, that Defendant Keith Rock was incompetent to use said vehicle and trailer." (Doc. 1-8 at 110 ¶ 33).

Under Alabama law, the elements of a negligent entrustment claim are "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005) (emphasis omitted). Although Ms. Peace's amended complaint states that Berkeley Scrap Metal knew or should have known of Mr. Rock's incompetence, it does not allege any facts to support that conclusory allegation. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Nor does the evidence that she submitted in support of her second renewed motion for a default judgment establish any such facts. Although Ms. Peace presented evidence that Mr. Rock's commercial license had been suspended on several occasions and that he had several criminal convictions (*see* doc. 42 at 9–10; doc. 42-1 at 4–6), she did not present any evidence that Berkeley Scrap Metal was aware of that information. Accordingly, the court cannot enter a judgment in her favor on her claim of negligent entrustment, and the court **DENIES** the motion for default judgment as to that claim.

### 3. Award of Punitive Damages

The only damages Ms. Peace seeks—indeed, the only damages she may seek in this wrongful death case—are punitive. (*See* Doc. 1-8 at 108–10); *Trott v. Brinks*, *Inc.*, 972 So. 2d 81, 84 (Ala. 2007). In her motion for default judgment, she requests that the court enter a judgment of $5,000,000 "to punish and deter Berkeley Scrap Metal and to deter similar wrongful conduct by others in the future." (Doc. 42 at 11).

The court may enter a default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1). Otherwise, the court must hold a hearing to establish the necessary facts. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

The Alabama Supreme Court has explained that a trial court evaluating an award of punitive damages should consider:

(1) whether the damages bear "a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred";

(2) "[t]he degree of reprehensibility of the defendant's conduct";

(3) any profit the defendant made based on the wrongful conduct;

(4) "[t]he financial position of the defendant";

10

(5) the costs of litigation;

(6) the existence of any criminal sanctions on the defendant for any wrongful conduct; and

(7) any other civil actions against the same defendant based on the same conduct, in mitigation.

*Green Oil Co v. Hornsby*, 539 So. 2d 218, 223–24 (Ala. 1989) (quotation marks omitted); *see also Gen. Motors Corp. v. Johnston*, 592 So. 2d 1054, 1063 (Ala. 1992). But punitive damages "should not exceed an amount that will accomplish society's goals of punishment and deterrence." *Gen. Motors Corp.*, 592 So. 2d at 1063.

Ms. Peace has not presented any evidence (or even any argument) in support of her assertion that the facts of this case warrant an award of $5,000,000 in damages. Accordingly, at this stage the court cannot award the punitive damages that she requests. *See Freeman*, 605 F.2d at 857; *Adolph Coors Co.*, 777 F.2d at 1544. And because Ms. Peace made a jury demand in her complaint, the court will set this case for a jury trial on damages. (*See* Doc. 1-1 at 17; Doc. 1-8 at 112–13); *see* Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . .").

## III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Ms. Peace's second renewed motion for a default judgment. The court **DENIES** the motion for a default judgment on the claims of wanton and reckless conduct; negligent, reckless, and/or wanton violations of the rules of the road; and negligent entrustment. The court **GRANTS** the motion and finds Berkeley Scrap Metal liable on the negligence claim. The court **DEFERS RULING** on the request for an award of $5,000,000 in punitive damages.

The court will set the case for a jury trial on damages by separate order.

**DONE** and **ORDERED** this June 24, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE